Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 200401-75439
DATE: September 29, 2021

REMANDED

Entitlement to an apportionment of the Veteran's VA disability benefits on behalf of the minor children, M.S. and E.S., is remanded. 

REASONS FOR REMAND

The Veteran served in the United States Army from February 1968 to February 1970. The Appellant is the mother of the Veteran's minor children, M.S. and E.S.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a February 2020 decision by the Department of Veterans Affairs (VA) Regional Office (RO), which denied the Appellant's request for an apportionment. The Appellant appealed this decision to the Board in March 2020 and selected the direct review docket.

1. Entitlement to an apportionment of the Veteran's VA disability benefits is remanded.

After a review of the evidence in this case, the Board has determined that this matter is not ripe for appellate review as all steps necessary to ensure the procedural and due process rights of the parties have not been completed.

This case involves a simultaneously contested claim; therefore, the provisions of 38 U.S.C. § 7105A are applicable. Cases involving simultaneously contested claims are also subject to special procedural regulations. See 38 C.F.R. §§ 20.400, 20.401, 20.402, 20.403, 20.404, 20.405, 20.406, 20.407. Specifically, 38 C.F.R. § 20.400 provides that, in a simultaneously contested claim, all interested parties are to be notified of the action taken by the Agency of Original Jurisdiction (AOJ) and of the right and time limit for initiating an appeal, as well as notification of the right to a hearing and representation. Upon the filing of a notice of disagreement, all interested parties will be furnished a copy of the substance of the notice of disagreement, including what type of review was selected and whether a hearing was requested. 38 C.F.R. § 20.403. 

Here, the Appellant, contends that she is entitled to an apportionment of the Veteran's VA disability benefits on behalf of the parties' children, M.S. and E.S.

In this case, it appears that the rules regarding simultaneously contested claims have not been complied with. Specifically, the Veteran was not provided with a copy of the content of the February 2020 apportionment decision or the content of the Appellant's March 2020 Notice of Disagreement. Further, neither party was provided with the Appeals Modernization Act (AMA) notification letter informing them what it means to be in the direct review evidence lane. Finally, the Appellant was not provided with the AMA notification letter informing her that the appeal has been placed on the docket. Accordingly, the Board finds that a remand is necessary in order to ensure full compliance with the contested claims procedures pursuant to 38 C.F.R. §§ 20.400-07, to include providing the Veteran with a copy of the content of the February 2020 apportionment decision and March 2020 Notice of Disagreement, both parties with an AMA notice of direct review lane requirements letter, and the Appellant with the AMA docketing letter.

The matter is REMANDED for the following action:

1. Ensure full compliance with the contested claims procedures outlined in 38 C.F.R. §§ 20.400-07. Specifically, ensure that the Veteran with a copy of the content of the February 2020 apportionment decision and March 2020 Notice of Disagreement, both parties with an AMA notice of direct review lane requirements letter, and the Appellant with the AMA docketing letter.

 

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Laura C. Owens

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.